2000 ND 141

**In the Matter of the Application for DISCIPLINARY ACTION AGAINST Michael E. KELLER, a member of the Bar of the State of North Dakota.**

**Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner,**

v.

**Michael E. Keller, Respondent.**

**No. 20000189.**

Supreme Court of North Dakota.

July 19, 2000.

INTERIM SUSPENSION LIFTED

PER CURIAM.

[¶ 1] On July 5, 2000, the Supreme Court ordered Michael E. Keller's certificate of admission to the Bar of the State of North Dakota suspended effective immediately and until further order of the Court. The July 5, 2000 Order was subject to the provisions of Rule 3.4, N.D.R. Lawyer Discipl., which provides that upon request by

counsel or the lawyer after entry of an interim suspension order, the Court shall within 10 days provide an opportunity for the lawyer to demonstrate that the order should not remain in force.

[¶ 2] On July 18, 2000, Michael E. Keller filed a Written Demonstration of Lawyer Pursuant to Rule 3.4, North Dakota Rules for Lawyer Discipline that Interim Suspension Order Not Remain in Force and Appendix. In his Written Demonstration, Mr. Keller asserts that with respect to the formal proceedings, prior to the proceedings becoming formal, he responded in writing to the initial complaint and personally appeared before the Inquiry Committee East. Mr. Keller acknowledges that he has not responded to the Hearing Panel Chair order compelling discovery, but will provide the requested responses by July 19, 2000.

[¶ 3] With respect to the complaint filed by a current employee of Mr. Keller's former employer, Mr. Keller asserts that he perceived this complaint was filed in an effort to discredit him professionally. Mr. Keller admits he should have responded to the complaints and requests an extension of time to July 24, 2000, to provide a written response.

[¶ 4] With respect to the complaint filed by Mr. Keller's former employer, Mr. Keller denies the allegations. Mr. Keller requests that he be allowed an extension of time to July 24, 2000, to provide a written response.

[¶ 5] With respect to the newest complaints, Mr. Keller asserts that these were filed on July 10, 2000, and that he intends to respond the complaints within the 20 days provided under Rule 3.1(d), N.D.R. Lawyer Discipline.

[¶ 6] Mr. Keller requests the Order of Interim Suspension entered July 5, 2000, not remain in force pending disposition of the proceedings predicated upon the conduct giving rise to the application. Mr. Keller further requests the order for an application for a professional trustee also be dismissed. The Court considered the matter, and

[¶ 7] ORDERED, in light of Mr. Keller's Written Demonstration under Rule 3.4, N.D.R. Lawyer Discipl., there is no longer a prima facie case for an interim suspension and, therefore, this Court's Interim Suspension is lifted.

[¶ 8] IT IS FURTHER ORDERED, that Mr. Keller's requests for an extension of time to respond to the two complaints, file numbers 3395–NE–0005 and 3398–NE–0005, be referred to the Chair of the Inquiry Committee Northeast to grant a reasonable extension for the filing of his responses.

[¶ 9] Dated at Bismarck, North Dakota, July 19, 2000.

[¶ 10] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM, MARY MUEHLEN MARING, JJ., concur.

[¶ 11] The Honorable CAROL RONNING KAPSNER, being unavoidably absent, did not participate in this decision.